*JOHNSON* vs. *RANNELS.*

Eastern Dist.
*April,* 1828,

APPEAL from the court of the eighth district.

MARTIN, J. delivered the opinion of the court.
The defendant and appellant has first drawn
our attention to a bill of exception taken to the
opinion of the district judge, overruling an ob-
jection made to the introduction in evidence
of a deed of gift, on the ground that the execu-
tion of it was not legally proved.

Foreign re-
cords must be
proven ac-
cording to
the act of
congress.
A will need
not be proba-
ted in this
state, when
used merely
as evidence
of title.

6 NS621
121   834

The original was produced, with an endorse-
ment made thereon, and subscribed H. Sneed,
clerk of the county court of Granville, North
Carolina, certifying that the deed was proven
in court and ordered to be recorded—another
endorsement subscribed by R. D Cooke, P R.
certifying that the deed was registered; and
finally, the certificate of the clerk, attesting the
official capacity of the person, who signed the
second endorsement, as registered.

The court erred in admitting the document
in evidence, because it lacks the attestation of
the chief or presiding judge or magistrate of
the court.—*Ingersoll* (1825) 298 *verbo evidence*

Another bill was taken to the admission of
the will of the donor in evidence. A copy was

offered, certified by H. Sneed, the clerk of the county court of Granville, North Carolina, with his attestation that it was truly made from the original in his office. On the will, according to the copy, is one endorsement of the clerk attesting that the will was duly proven in open court, and ordered to be recorded. Next follows the certificate of the presiding magistrate, attesting the official character of the clerk, and that his attestation is in due form. The reading of the will was opposed by the defendant's counsel on the ground that the certificate was insufficient, and on the grounds that it did not appear that the will was proven in North Carolina, nor registered and ordered to be executed in Louisiana, nor proven and ordered to be executed according to the laws of Louisiana.

The court did not err—the question was examined in this court in *Balfour vs. Chew*, *vol.* 5, 517. There was no necessity for proving an order from any court of probates in this state for the execution of the will. This is only required when the will is to be carried in execution, by the executor sueing for the property or the estate—not when the will is offer-

ed as evidence of title in the legatee against a party claiming title.

As the case was tried by a jury, and illegal evidence was admitted, the case must be remanded. It is contended that setting aside the deed of gift, the plaintiff had evidence of title in the will. This may be—but *non constat* that the jury did not ground their verdict on the right appearing to result from the deed.— Besides, the will refers to the deed of sale—this deed must be therefore produced and proven, for it forms a link in the chain of the plaintiff's will.

It is therefore ordered, adjudged and decreed, that the judgment be annulled, avoided, and reversed, the verdict set aside, and the case remanded, with directions to the inferior judge not to admit the deed of gift in evidence till clearly proven. It is ordered that the plaintiff and appelee pay costs in this court.